■ JENNIFER L. MARTIN et al., Appellants, v NEW YORK UNIVERSITY, Respondent.—Judgment, Supreme Court, New York County (Burton S. Sherman, J.), entered January 17, 1991, which, upon a jury verdict in favor of defendant, dismissed plaintiffs' complaint, seeking recovery for personal injuries alleged to have been caused by defendant's negligence, unanimously affirmed, without costs.

There is no factual basis for plaintiffs' allegation that the issue of defendant's duty to safeguard their persons was removed from the jury's consideration. Although the court had instructed the jury that defendant's "green-light" concept, in and of itself, had nothing to do with the case and should be eliminated from consideration, it immediately thereafter instructed the jury that the concept, by which defendant had designated certain college buildings as a 24 hour "safe-haven", could be considered as evidence in determining whether the defendant had breached a duty owed to plaintiffs. Thus, the jury was precluded from finding negligence based solely on the adoption of a duty of care, but not from considering whether defendant had breached an obligation actually undertaken.

The evidence established that the assault occurred outside of defendant's building, and the jury's verdict cannot be said to have been against the weight of that evidence (see, *Waters v New York City Hous. Auth.,* 69 NY2d 225).

We have examined appellants' other arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach, Ross and Smith, JJ.